UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURIE A SLANEY,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN MOSBY, *et al.*,<br><br>    Defendants. | Case No. C24-455 RSM<br><br>REPORT AND RECOMMENDATION |

  Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's IFP application indicates that her net monthly salary is $3,196. (*Id.*) Plaintiff did not state whether she was married or whether she derived income from any other sources besides her salary. (*Id.*) She identifies monthly expenses of $3,537.51 for her house payment, utilities, internet, insurance, food, and gas, and an additional $2,000 in monthly expenses to care for her disabled adult son. (*Id.*) Plaintiff's IFP application also indicates that she has approximately $100,000 in her checking account, $11,000 in savings, and $20 in cash on hand. (*Id.*) She owns a home valued at $300,000, a car valued at $16,000, and an additional $200,000 in unspecified assets. (*Id.*) Plaintiff states that she does not make enough income to pay her monthly expenses due to caring for her son. (*Id.*)

REPORT AND RECOMMENDATION - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court RECOMMENDS that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee. Plaintiff's application declares funds and assets that are adequate to pay the $405.00 filing fee for the instant action.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 3, 2024**.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable Ricardo S. Martinez.

REPORT AND RECOMMENDATION - 2

Dated this 8th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3